**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DILLON GRISSELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1304-CR-302 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1204-FC-15

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Dillon Grissell appeals his sentence for attempted theft as a class D felony. We address whether Grissell's sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 13, 2012, Grissell, who was born on November 23, 1993, together with several juvenile individuals approached a property owned by Kerry Miller and drove down a farm lane towards an outbuilding. There was scrap metal in and around the outbuilding and in fence rows in the general area. Miller's son, who had noticed suspicious activity by Grissell in the past, stopped the vehicle in which Grissell and the others rode and confronted them. Grissell and the others all eventually made statements to law enforcement officers that they had conspired and were going down the farm lane to the area to steal scrap metal, and in their statements they all indicated they were going to steal it from the fence row area around the barn.

On April 20, 2012, the State charged Grissell with attempted burglary as a class C felony. The State filed an amended information on October 10, 2012, charging Grissell with attempted theft as a class D felony under Count II. Pursuant to a plea agreement signed by Grissell on December 20, 2012, he agreed to plead guilty to attempted theft as a class D felony, and in exchange the State agreed to dismiss the charge of attempted burglary, along with a charge of failure to appear as a class D felony under cause number 90C01-1211-FD-97 ("Cause No. 97"). The plea agreement provided that the factual basis for the plea of guilty was that, on or about April 13, 2012, Grissell "did knowingly attempt to exert unauthorized control over the property of Kerry Miller, to-wit: scrap

2

metal, with the intent to deprive said person of any part or the use or value of the property." Appellant's Appendix at 101. On January 9, 2013, Grissell pled guilty pursuant to the plea agreement and admitted that he understood that sentencing would be left to the discretion of the trial court and that the penalty for his conviction for a class D felony could be from six months to three years. The court accepted his guilty plea.

On March 13, 2013, the court held a sentencing hearing. Grissell testified that he was nineteen years old, that this offense was his first offense as an adult, that he was hoping that the court could fashion a sentence which would allow him to work, and that he had a job available at a factory in Manchester, Indiana. When asked what he was asking the court to do in terms of sentencing, Grissell stated "I'd like a two do one or two suspend one, one do six and with home detention maybe." Transcript at 76. On cross-examination, Grissell indicated that his second criminal offense as an adult would have been failure to appear on this matter, that the failure to appear offense was being dismissed pursuant to the plea agreement, and that he currently had another pending criminal offense involving a burglary set for a jury trial. He also indicated that he had been committed to the Department of Correction (the "DOC") in May 2011, that he had been released from that commitment on November 13, 2011, and that he committed the offense in this case on April 13, 2012.

The court found Grissell's juvenile criminal history to be an aggravating factor, and observed that Grissell had been released from the DOC a very short time before he committed the present offense, that he had since been arrested on another offense, and that he then failed to appear in this matter. The court acknowledged that this was

3

Grissell's first offense as an adult, but then noted the frequency with which Grissell was committing criminal offenses and that the Indiana Risk Assessment rates him as a high risk to reoffend. The court also noted that it could not "ignore the fact that you were just released from the [DOC] as a juvenile when you committed this offense to the very same property you had been sent to [the DOC] before." Id. at 83. The court stated that it gave some consideration to Grissell's guilty plea but placed little weight on that fact because he was caught at the scene, and found that the aggravating factors outweighed any mitigating factors and sentenced Grissell to three years in the DOC. Pursuant to the State's motion, the court dismissed the attempted burglary charge.

DISCUSSION

The issue is whether Grissell's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Grissell argues that he should not have received the maximum sentence because his juvenile delinquency adjudications are not the types of crimes which should warrant the aggravation of the sentence to the maximum and his guilty plea indicates some acceptance of responsibility. Grissell also argues that he has not yet been offered alternative sentencing in the adult sentencing scheme because this was his first adult offense and he had mixed results with probation as a juvenile. The State maintains that

4

this was Grissell's second offense against the victims in this case, that other charges were dismissed in exchange for his guilty plea, and that the nature of the offense is not an isolated event. The State further argues that Grissell's criminal history includes prior adjudications for burglary, that he was charged with failure to appear and two additional counts of burglary since he was charged in this case, and that he has been placed in the high risk to reoffend category by the Indiana Risk Assessment.

Our review of the nature of the offense reveals that Grissell, together with several juveniles, approached the property of Kerry Miller on April 13, 2012, in order to steal scrap metal when they were confronted by Miller's son. Our review of the character of the offender reveals that Grissell testified that he was nineteen years old, that this was his first offense as an adult, and that he had a job available at a factory in Manchester, Indiana. Grissell was later charged, under Cause No. 97, with failure to appear in this matter. The record reveals that Grissell pled guilty to attempted theft as a class D felony and that in exchange the charges of attempted burglary under this cause and of failure to appear under Cause No. 97 were dismissed. The trial court stated that it assigned little weight to Grissell's guilty plea because he was caught at the scene. In addition, at the time of sentencing, he had another criminal offense involving a burglary set for a jury trial. Grissell also indicated that he had been committed to the DOC in May 2011, that he had been released from that commitment on November 13, 2011, and that he committed the offense in this case approximately five months later on April 13, 2012. Further, the court noted that it could not "ignore the fact that [Grissell had] just [been] released from

5

the [DOC] as a juvenile when [he] committed this offense *to the very same property* [for which he] had been sent to [the DOC] before." Transcript at 83 (emphasis added).

According to the presentence investigation report (the "PSI"), Grissell's juvenile criminal history includes a finding of delinquency for criminal mischief as a class B misdemeanor if committed by an adult in 2004; distribution or exhibition of obscene material as a class A misdemeanor if committed by an adult in May 2009; battery resulting in bodily injury as a class A misdemeanor if committed by an adult in October 2009; truancy in November 2009 for which he was adjudicated delinquent in July 2010; and burglary as class C felonies if committed by an adult under separate cause numbers in March 2011 and May 2011, for which he was committed to the DOC and released on November 13, 2011. The initial charging information in this case was filed on April 20, 2012, and Grissell was charged with failure to appear as a class D felony under Cause No. 97 in November 2012. The charge under Cause No. 97 was dismissed pursuant to the plea agreement in this case. In addition, the PSI indicates that Grissell was charged on November 13, 2012, under separate cause number 90C01-1211-FC-33 with two counts of burglary as class C felonies and that the case was set for a jury trial on May 13, 2013. In its summary of legal history, the PSI indicates that Grissell was eighteen years old when he committed the current offense and ten years old when he was first referred to the probation department for criminal mischief, that in his first offense judgment was withheld to allow him time to pay restitution, and that after failing to pay the case was filed formally and later dismissed after restitution was paid. The summary also indicates that in July 2010 Grissell was adjudicated delinquent for truancy and placed on probation

6

for six months and that, after violating the school attendance policy, a petition for modification of dispositional decree was filed. Grissell reported that his cousin needed money and that he was taking scrap metal to recycle for money. With respect to his mental health, the PSI states that Grissell reported that he was diagnosed with depression and was given medication to treat the symptoms, that he began seeing a therapist in June 2009 following his placement on a program of informal adjustment for distribution or exhibition of obscene material, and that he completed individual and group counseling after his commitment to the DOC Summit Boot Camp following his adjudications for two burglaries.

The PSI indicates that Grissell's overall risk assessment score using the Indiana risk assessment tool places Grissell in the high risk to reoffend category, and in particular shows a high risk in the domains of education, employment, and financial situation, moderate risk in the domains of family and social support, peer associations, and criminal attitudes and behavioral patterns, and low risk in the domains of criminal history and substance abuse. Finally, the written victim impact statement provided by Kerry Miller states in part that he noticed tracks in the snow going around his barn, that he noticed there was stainless steel missing, that he later discovered that some individuals were selling the steel, and that the sellers stated they obtained the steel from Grissell. Miller wrote that he kept watch many nights and paid others to watch to see if they would catch the thieves, that his "son and grandson were watching one night and saw a pickup turn its lights off and heard it go to the north barn," and that "Grissell and [another person] were in [the] barn stealing copper wire," that "[d]eputies were called and took them to jail,"

7

and that "[t]hey were [] incarcerated for some time." Presentence Investigation Report at 8. Miller also stated that, after hearing that Grissell had been released, he started watching his farm again, discovered missing items, and started nightly watches. Miller further wrote that his son and grandson "were in the field behind the barn and saw a truck make a couple of passes on the road then turn its lights off and drive into the field," that "[t]he vehicle would have hit their vehicle if they had not moved," that "[t]he Sheriff was called and came and apprehended them again," and that "[t]his is the Third Time!!" Id. Among other missing items, Miller stated that he has "a sailboat with no mast," and "[m]any thousands of dollars of tools missing." Id.

Under the circumstances and after due consideration of the trial court's decision and of the record, we conclude that Grissell has not sustained his burden of establishing that his sentence of three years is inappropriate in light of the nature of the offense and his character.

CONCLUSION

For the foregoing reasons, we affirm Grissell's sentence for attempted theft as a class D felony.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.